UNITED STATES of America, Appellee,

v.

James Edward SMITH, Appellant.

No. 92–1168.

United States Court of Appeals,
Eighth Circuit.

Submitted June 9, 1992.

Decided Aug. 10, 1992.

Rehearing and Rehearing En Banc
Denied Sept. 14, 1992.

Virginia Villa, Minneapolis, Minn., argued, for appellant.

Henry J. Shea, Minneapolis, Minn., argued, for appellee.

Before WOLLMAN, Circuit Judge, and BRIGHT and ROSS, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Appellant James Edward Smith was convicted of two counts of bank robbery in violation of 18 U.S.C. § 2113(a), and was sentenced to two 41–month terms of imprisonment, to run concurrently. On appeal, appellant contends that there was insufficient evidence to support the intimidation element of his robbery conviction, and that evidence of other robberies in the area was improperly admitted. We affirm.

The testimony at trial showed that on April 27, 1991, appellant entered a Norwest Bank in Minneapolis, Minnesota, and told bank teller Derrick Wood that he wanted to make a withdrawal. When Wood asked if that withdrawal would be from his savings or checking account, appellant stated, "no, that is not what I mean. I want to make a withdrawal. I want $2,500 in fifties and hundreds." Appellant then yelled "you can blame this on the president, you can blame this on whoever you want," and again appellant demanded $2,500 in fifties and hundreds. During this time appellant acted

"real fidgety," and was sweating and moving around. At one point appellant leaned very close to Wood and put his elbows up on either side of the window so that no more than a foot separated appellant and Wood. Wood claimed that he was scared for himself and the people in the bank. He noticed that appellant wore a fanny pack and thought it might contain a weapon. After Wood gave appellant the money, appellant started to walk out of the bank, turned around and said, "thanks a lot. Don't tell your manager. You won't lose your job over this. I love you, man."

On May 2, 1991, appellant returned to the same bank. Appellant first approached the teller window of Steven Hintz and asked for $20,000. After Hintz told appellant that he had to have an account in order to make a withdrawal, appellant again asked for $20,000 and stated that he didn't understand why he couldn't make a withdrawal, since the last time he came in he was given what he asked for. After Hintz did not immediately give him the money, the appellant told Hintz that "this is not a stickup." Hintz believed that appellant was possibly drunk and so he merely tried to humor appellant in order to get him to leave the bank.

The appellant then approached Phillip Park's teller window. Park recognized appellant as the same person who had robbed the bank on the previous Saturday. The appellant leaned into Park's window and twice demanded $5,000. The appellant then became agitated, leaned over the counter and said, "come on, come on, give me the money." Park testified that the appellant had one hand under the counter so that Park could not see whether he was holding anything in his hand. Park gave appellant the money. The appellant then left the bank and was arrested shortly thereafter.

Appellant first contends that insufficient evidence was presented to convict him of bank robbery under 18 U.S.C. § 2113(a), which criminalizes the taking of money or property from a bank, credit union, or savings and loan, either by force and violence, or by intimidation. Instead, he asserts that at most the government could have proved that appellant was guilty of bank larceny under 18 U.S.C. § 2113(b), which does not require a showing of intimidation.

■ Intimidation is conduct "reasonably calculated to put another in fear." *United States v. Higdon*, 832 F.2d 312, 315 (5th Cir.1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988). Under this test "the subjective courageousness or timidity of the victim is irrelevant; the acts of the defendant must constitute an intimidation to an ordinary, reasonable person." *Id.* Evidence that the defendant's acts did induce fear in an individual victim is probative of whether his acts were objectively intimidating. *Id.*

In *United States v. Robinson*, 527 F.2d 1170 (6th Cir.1975), the evidence established that the defendant told the teller to "give me all your money" and gave her a pouch to fill. *Id.* at 1171. Although both the defendant's hands were visible to the teller, the defendant was wearing a leather coat where, the court noted, "a weapon could presumably be concealed." *Id.* at 1172. Even though the defendant made no express threat of harm, the court upheld the jury's intimidation finding, noting that "in an era characterized by a dramatic increase in crime generally ... and by increased violence ... such circumstances could well 'produce in the ordinary person fear of bodily harm.'" *Id.* (quoting *United States v. Alsop*, 479 F.2d 65, 67 (9th Cir. 1973).

■ Appellant contends that his actions were neither forceful, purposeful, nor aggressive. He states that he simply asked the tellers for money, and because of bank policy that tellers comply with all demands for money, the Norwest tellers simply gave appellant the money. He claims that it was the "trained over-reaction of the Norwest tellers" which served to "escalate a lesser offense into a greater offense."

Here, the evidence showed that during the first incident, bank teller Wood noticed appellant's fanny pack and feared that it might contain a weapon, but "didn't want to find out." Wood stated that he was scared for himself and the other people in

the bank. Wood also observed that appellant appeared to be on drugs and that he acted "very edgy and nervous." During the second incident, teller Phillip Park stated that when he hesitated in giving appellant the money, appellant moved closer and became "very agitated," and urgently demanded, in an insistent tone, "come on, come on, give me the money." Appellant leaned into the window so that he was between six to twelve inches from Park. Throughout the incident, appellant kept one hand under the counter. Park testified that no one knew whether appellant had been armed during the prior robbery.

We note that the district court instructed the jury on the lesser included offense of bank larceny, which does not require a showing of intimidation. The jury rejected this theory. We conclude that the evidence admitted at trial was sufficient to establish the intimidation element under 18 U.S.C. § 2113(a).

 Appellant also contends that the district court improperly admitted evidence consisting of police department computer printouts reflecting reports of robberies in Minneapolis and in the immediate area surrounding the Norwest Bank. Appellant charges that this evidence was inadmissible hearsay which had no relevance to the crimes charged, but instead served only to appeal to the passion of the jury. We reject this argument and conclude that the evidence of violent crime in the area is relevant in evaluating whether appellant's conduct was reasonably construed as intimidating. *See United States v. Robinson, supra,* 527 F.2d at 1172.

We also conclude that the evidence was properly admitted as a public record under Rule 803(8)(B) of the Federal Rules of Evidence.[1] In *United States v. Enterline,* 894 F.2d 287 (8th Cir.1990), the defendant challenged the admissibility of evidence derived from a computer printout of reports of stolen cars. The court found that, while the computer report was hearsay, it qualified as a public record under Rule 803(8)(B). *Id.* at 289. The *Enterline* court noted that the Rule 803(8)(B) exclusion for criminal cases relates to matters observed by police officers at the scene of a crime, while the reports at issue in *Enterline,* as well as in the present case, relate to matters reported to police and do not involve observations of officers in an adversarial setting. *Id.* at 290. We conclude that the district court did not abuse its discretion by admitting the evidence as a public record under the Rule 803(8)(B) exception to the hearsay rule.

Based on the foregoing, the judgment of the district court is affirmed.

---

1. Rule 803(8)(B) provides a hearsay exception for:

    Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel.