# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3788

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Kenneth Lloyd Caldwell, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 19, 2002

Filed: May 29, 2002

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

After a bench trial, the district court[1] convicted Kenneth Caldwell of bank robbery in violation of 18 U.S.C. § 2113(a). Caldwell appeals, and we affirm.

On the morning of November 26, 1999, Caldwell entered a branch of the Metropolitan National Bank in North Little Rock, Arkansas, where Marjac Douglas was working as a teller. When Caldwell entered, Ms. Douglas had her back to the

_____

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

tellers' counter, which was three to four feet behind her. The only other employee on duty was in the vault. Caldwell slammed his hands down on the counter and vaulted over it toward Douglas, who turned when she heard the sound of Caldwell's hands on the counter. As she saw Caldwell leaping toward her, Douglas stepped back and screamed. Caldwell made eye contact with Douglas as he moved toward her. He approached to within one to two feet of her and then turned and went around another counter to the teller station next to Douglas's. He emptied the unlocked teller drawer of money, jumped the counter in front of him, and left. Caldwell said nothing to Douglas while he was in the bank, nor did he gesture at her with his hands or make any indication that he had a weapon. Douglas testified that she was very frightened when she saw Caldwell coming toward her.

18 U.S.C. § 2113(a) defines bank robbery as taking "by force and violence, or by intimidation . . . from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . ." Caldwell contends that there was insufficient evidence to convict him, because the evidence did not establish beyond a reasonable doubt the "intimidation" element of the statute. He argues that at most the evidence proved a violation of § 2113(b), bank larceny, which does not require intimidation.

"Intimidation is conduct reasonably calculated to put another in fear . . . . [T]he acts of the defendant must constitute an intimidation to an ordinary, reasonable person." United States v. Smith, 973 F.2d 603, 604 (8th Cir. 1992) (internal quotation omitted). Whether the defendant's actions did induce fear in an individual victim is not conclusive, but is probative of whether his acts were objectively intimidating. Id.

In evaluating Caldwell's claim, we examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. United

States v. Ivey, 915 F.2d 380, 384 (8th Cir. 1990). We reverse only if we conclude that a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements. Id.

Caldwell argues that his actions were similar to those of the defendant in United States v. Wagstaff, 865 F.2d 626 (4th Cir. 1989). In Wagstaff, the defendant walked into a savings and loan institution, approached the teller counter, put on a ski mask and sunglasses, and walked into the tellers' area through an open gate. He took money from an open cash drawer, but was forced to flee when a customer attacked him. The defendant was never closer than eight feet to the nearest teller, had no weapon, did not speak, and did not make any threatening gestures. The Fourth Circuit held that this conduct was insufficient to prove intimidation and reversed his conviction. Id. at 629. The government argues that the Fourth Circuit's holding erroneously discounts the reasonable fear people will experience in "all but the extraordinary bank robbery."

We need not rule on the merits of the government's argument, because Caldwell's actions were significantly more intimidating than those of the defendant in Wagstaff. Caldwell slammed his hands down on Douglas's desk and leaped toward her, approaching to within a couple of feet. We believe that any reasonable bank teller would be intimidated, as Douglas was, by the sight of someone leaping over the teller counter toward her or him. We have previously held that arguably less aggressive actions were sufficient to support a finding of intimidation. See Smith, 973 F.2d at 604-05 (defendant wore a fanny pack that may have contained a weapon, appeared agitated, and leaned through the teller window until he was within twelve inches of the teller); United States v. Smith, 973 F.2d 1374, 1377 (8th Cir. 1992) (defendant gave teller a note demanding money, held his hand under a coat as if he had a weapon, and ordered a second teller to keep his hands on the counter and give the defendant his large bills); United States v. Bartolotta, 153 F.3d 875, 878 (8th Cir. 1998) (evidence sufficient even where teller who was threatened was a

former member of the conspiracy to rob the bank, because she did not know if the person who threatened her was a member of the same conspiracy). While Caldwell did not speak or give any indication that he had a weapon, his aggressive actions would be intimidating to a reasonable person. Thus, we conclude that a reasonable fact-finder could conclude that the government proved the intimidation element beyond a reasonable doubt.

The conviction is affirmed.

A true copy.

     Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.