# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2598

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Isadore Butler Banks, II, | * | [UNPUBLISHED] |
| | * | |
| Apepllant. | * | |

_____

Submitted: January 13, 2005
Filed: January 28, 2005

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Isadore Butler Banks, II (Banks), was convicted following a bench trial of making a false statement of a material fact in connection with the receipt of federal compensation benefits, a violation of 18 U.S.C. § 1920. Banks challenges the sufficiency of the evidence supporting the district court's[1] finding that he possessed the requisite mental state. He also challenges the district court's calculation of restitution. We affirm.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

## I.

Banks was a United States Postal Service employee. Following a work injury, he applied for and received disability benefits in 1991 under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.* Pursuant to the regulations implementing FECA, Banks was periodically required to submit a form, CA-1032, during the time that he received disability benefits. The form asked, *inter alia*, whether Banks had been "self-employed or involved in any business enterprise" in the fifteen-month period preceding his submission of the form. The form indicated that any misleading or fraudulent statements could subject Banks to prosecution.

In June of 2001, Banks married Tracy Macon, the owner of Evans Transportation (Evans). In July of 2001, Banks submitted a CA-1032 and wrote "Hell, no" in response to the question referenced above. After officials became suspicious of his involvement with Evans, Banks was charged with knowingly and willfully making a false statement. He was found guilty and sentenced to ten months' imprisonment and three years' supervised release and ordered to pay a special assessment of $100.00 and restitution in the amount of $62,508.86.

## II.

In reviewing Banks's challenge to the sufficiency of the evidence, we examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. United States v. Caldwell, 292 F.3d 595, 596 (8th Cir. 2002). We reverse only if we conclude that a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements. Id.

Evidence at trial establishing Banks's relationship with Evans included: (1) a vehicle registration form indicating that the vehicle was owned by Banks and Evans; (2) an application for a post office box listing Banks as an "authorized representative"

of Evans; (3) a vehicle for hire permit application that listed Banks as the "company agent" for Evans; (4) a postal return receipt signed by Banks for a letter sent to Evans; (5) articles of incorporation for Evans (and another company, Banks Auto Group, Inc.) that listed Banks as an incorporator; (6) a business license application for Evans listing Banks as the owner; (7) the agreement for Evans's corporate bank account listing Banks as an owner of the account; (8) forty-eight checks written to Evans that had been endorsed by Banks; (9) checks written from Evans's account that had been signed by Banks; and (10) $5,499.12 in withdrawals from Evans's account by Banks.

Banks's wife testified that she had placed his name on corporate documents without his knowledge. In light of this testimony, Banks contends that the district court erred in finding that Banks's representation on the CA-1032 was made "knowingly and willfully" as required by 18 U.S.C. § 1920. The government, however, may prove criminal intent by circumstantial evidence. United States v. Waldman, 310 F.3d 1074, 1078 (8th Cir. 2002). Moreover, in addition to the corporate documents indicating a relationship between Banks and Evans, numerous corporate checks attested to Banks's involvement with the company. Giving the government the benefit of all reasonable inferences, we conclude that the evidence was sufficient to support the district court's finding that Banks had the requisite intent under 18 U.S.C. § 1920.

### III.

We review the district court's finding of loss relating to restitution under the clearly erroneous standard. United States v. Young, 272 F.3d 1052, 1056 (8th Cir. 2001).

Banks submitted the CA-1032 that resulted in his conviction on July 19, 2001. That form covered the fifteen-month period from April 19, 2000, to July 19, 2001. Banks submitted a subsequent CA-1032 on July 13, 2002, and continued to represent that he was unemployed. The district court calculated restitution based on the

disability benefits that Banks received from April 19, 2000, to July 13, 2002.  Banks contends, however, that no evidence suggests that he had any involvement with his wife's businesses prior to January of 2001.  Accordingly, he argues that he should not be liable for the amount of restitution based on benefits that he received from April 19, 2000, to January of 2001 because any misrepresentation about his relationship with Evans could not have extended to that time period.

CA-1032, in addition to warning of potential criminal prosecution, cautions that "[a] false or evasive answer to any question, or the omission of an answer, may be grounds for forfeiting of your compensation benefits."  The Seventh Circuit has noted that "[i]f a claimant submits a false 1032 statement he forfeits the entire disability benefit even if he would have been entitled to a reduced benefit if he had submitted an accurate 1032 form."  United States v. Brothers, 955 F.2d 493, 495 (7th Cir. 1992).  Cf. United States v. Henry, 164 F.3d 1304, 1310 (10th Cir. 1999) ("the plain terms of [18 U.S.C. § 1920] pertain to 'the amount of the benefits obtained,' not the amount of benefits obtained minus the amount that would have been obtained if no false statement had been made").  We agree, and conclude that the district court properly determined that Banks forfeited his benefits for the entire period from April 19, 2000, to July 13, 2002.

The judgment is affirmed.

_____