# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1178

_____

United States of America,            *

                         *

            Appellee,     *

                         *   Appeal from the United States

     v.                 *   District Court for the

                         *   Eastern District of Missouri.

Maurice E. Patterson,        *

                         *

           Appellant.    *

_____

Submitted: September 14, 2004
Filed: May 13, 2005

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Maurice E. Patterson was convicted by a jury of being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1) (2000). After determining that Patterson previously had been convicted of three violent felonies, see 18 U.S.C. § 924(e) (2000), and was thus an armed career criminal under section 4B1.4 of the United States Sentencing Guidelines, the District Court[1] sentenced Patterson to 188 months' imprisonment. Patterson appeals his conviction, arguing (1) that the evidence at trial was insufficient as a matter of law to sustain the conviction

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

and (2) that the Eighth Circuit Model Jury Instruction on reasonable doubt given at trial is unconstitutional. Patterson also challenges the constitutionality of his sentence, arguing (1) that it was premised in part on facts not found by the jury beyond a reasonable doubt and (2) that it was imposed under a mandatory sentencing guidelines scheme. For the reasons discussed below, we affirm Patterson's conviction and sentence.

## I.

In challenging his conviction, Patterson first argues that the evidence introduced at trial was insufficient to establish that he possessed a gun. We review the sufficiency of the evidence necessary to sustain a conviction de novo, viewing all evidence in the light most favorable to the government and accepting all reasonable inferences that could support the jury's verdict. United States v. Chapman, 356 F.3d 843, 847 (8th Cir. 2004); United States v. Rodriguez-Mendez, 336 F.3d 692, 694, 695 (8th Cir. 2003). We reverse only if no reasonable fact-finder could have found Patterson guilty beyond a reasonable doubt. United States v. Brown, 346 F.3d 808, 813 (8th Cir. 2003); United States v. Caldwell, 292 F.3d 595, 596 (8th Cir. 2002).

The evidence at trial was more than sufficient to support Patterson's conviction for possessing a firearm or ammunition.[2] Lakeshaua Hanks testified that while she and her mother were waiting to be served at a restaurant in Jennings, Missouri,

---

[2]Patterson does not dispute that he has previously been convicted of a felony or that the firearm and cartridges introduced at trial had been in interstate commerce. Patterson only challenges the sufficiency of the evidence supporting a finding that he possessed a gun. We note, however, that Patterson's conviction could also be supported by a finding that he possessed ammunition. See 18 U.S.C. § 922 (g)(1) (2000) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition . . . .").

Patterson, who was dating Hanks's mother, approached Hanks and attempted to hand her what appeared to be a gun. Hanks refused to take the gun. Hanks testified that the restaurant cashier saw Patterson's attempt to give Hanks the gun and began to scream. The cashier, Shanell Howard, testified that she had seen a man attempt to hand a gun to a woman in the restaurant. Howard later identified a man who police had arrested outside the restaurant as the man who she had seen with the gun. Officer Dennis Oglesby testified that Patterson was the man who Howard identified. Officer Oglesby further testified that when he arrived at the restaurant in response to a report that a gun had been brandished, he noticed Patterson standing next to a trash can outside the restaurant doors. After obtaining a description of the suspect from Howard, Officer Oglesby and Officer Gary Hemby, who had also arrived at the restaurant, went outside and saw Patterson standing in the parking lot. Patterson met the description given by Howard, and the officers detained him. Officer Hemby testified that he searched Patterson and found two .22 caliber long rifle cartridges in Patterson's pocket. Each officer also testified that Officer Oglesby recovered a .22 caliber semi-automatic handgun from the trash can outside the restaurant doors. Finally, St. Louis County firearm and toolmark examiner William George testified that he examined the gun and the cartridges and determined that the cartridges were the appropriate ammunition for the gun. The members of the jury were free to attribute whatever weight they chose to the testimony of these five witnesses. See United States v. Martinez, 958 F.2d 217, 218 (8th Cir. 1992). Because this testimony could easily lead a reasonable jury to find beyond a reasonable doubt that Patterson possessed a gun and ammunition, the District Court properly denied Patterson's motion for judgment of acquittal.

Patterson next argues that the Eighth Circuit Model Jury Instruction on reasonable doubt given at trial violated his due process rights because it is ambiguous and lowers the government's burden of proof. Specifically, Patterson challenges the

"mere possibility of innocence" language of the instruction.[3] This Court has upheld the constitutionality of this language in a number of cases making the same claim that Patterson makes now. See, e.g., United States v. Foster, 344 F.3d 799, 802 (8th Cir. 2003), cert. denied, 124 S. Ct. 2096 (2004); United States v. Rosso, 179 F.3d 1102, 1104 (8th Cir. 1999); United States v. Simms, 18 F.3d 588, 593 (8th Cir. 1994); United States v. Harris, 974 F.2d 84, 85 (8th Cir. 1992). We are bound by this precedent and therefore hold that the instruction was proper. See Foster, 344 F.3d at 802; United States v. Olness, 9 F.3d 716, 717 (8th Cir. 1993), cert. denied, 510 U.S. 1205 (1994).

## II.

Patterson's challenges to his sentence are based on the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005). Because Patterson failed to make any sentencing objections in the District Court, we review his Booker claims for plain error under Rule 52(b) of the Federal Rules of Criminal Procedure. See United States v. Pirani, No. 03-2871, slip op. at 6 (8th Cir. April 29, 2005) (en banc). Plain error review is governed by the four-part test set forth in United States v. Olano, 507 U.S. 725, 732–36 (1993):

---

[3]The Eighth Circuit Model Jury Instruction on reasonable doubt states:

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Eighth Circuit Manual of Model Jury Instructions – Criminal, Instruction 3.11 (2003).

before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

Id. at 7 (quoting Johnson v. United States, 520 U.S. 461, 466–67 (1997)). The burden is on Patterson to prove plain error. Id. at 8. "Appellate review under the plain-error doctrine, of course, is circumscribed and we exercise our power under Rule 52(b) sparingly." Jones v. United States, 527 U.S. 373, 389 (1999).

Patterson first argues that his Sixth Amendment rights were violated when the District Court based his sentence, in part, on prior convictions that were not charged in the indictment or found by a jury. Patterson argues that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), ruling that a prior conviction is a sentencing factor for the court rather than a fact issue for the jury, has been undermined by Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004). To the contrary, the Supreme Court reaffirmed the Almendarez-Torres principle in Booker, 125 S. Ct. at 756, noting that the fact of "a prior conviction" need not be admitted by the defendant or proved to a jury beyond a reasonable doubt. See also Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (Thomas J., concurring) (noting that the Court has not reconsidered its decision in Almendarez-Torres). Patterson also argues that categorizing a prior conviction as a "violent felony" requires a factual finding beyond simply finding a prior conviction. But we previously have rejected the argument that the nature of a prior conviction is to be treated differently from the fact of a prior conviction. United States v. Kempis-Bonola, 287 F.3d 699, 703 (8th Cir.), cert. denied, 537 U.S. 914 (2002); United States v. Davis, 260 F.3d 965, 969 (8th Cir. 2001), cert. denied, 534 U.S. 1107 (2002). Once the sentencing court determines that a prior conviction exists, the characterization of that conviction as a violent felony is a legal matter for

the court. <u>United States v. Marcussen</u>, 403 F.3d 982, 984 (8th Cir. 2005); <u>United States v. Nolan</u>, 397 F.3d 665, 667 n.2 (8th Cir. 2005). The District Court did not commit a Sixth Amendment violation, let alone plain error, when it sentenced Patterson as an armed career criminal based on his prior convictions for violent felonies.

As his second ground for appealing his sentence, Patterson asserts that the District Court committed plain error in sentencing him under a mandatory guidelines scheme. As Patterson notes, the Supreme Court in <u>Booker</u> held that the mandatory nature of the United States Sentencing Guidelines ran afoul of the Sixth Amendment insofar as a sentencing judge, based on certain facts found by the judge, was required to impose a more severe sentence than could have been imposed based on facts found by the jury or admitted by the defendant. 125 S. Ct. at 749. Because of <u>Booker</u>'s further holding that the constitutional parts of the guidelines could not be saved by severing them from the parts that cannot be mandatorily applied without violating the Sixth Amendment, the Court declared the entirety of the guidelines "effectively advisory." <u>Id.</u> at 757. The effect of this remedy is a guidelines system in which sentencing judges continue to "take account of the Guidelines together with other sentencing goals" enumerated in 18 U.S.C. § 3553(a). <u>Id.</u> at 764.

Patterson argues that the District Court's application of the guidelines as mandatory "violates the <u>Booker</u> remedy of 'advisory' guidelines." Supp. Br. of Appellant at 7. As in <u>Pirani</u>, it is undisputed in this case that the first two <u>Olano</u> factors are satisfied: "The district court (understandably) committed <u>Booker</u> error by applying the Guidelines as mandatory, and the error is plain, that is, clear or obvious, at this time." <u>Pirani</u>, slip op. at 8. To prove the third <u>Olano</u> factor, however, Patterson has the burden of demonstrating, based on the appellate record as a whole, that there is a "reasonable probability that, but for <u>Booker</u> error, [he] would have received a more favorable sentence under an advisory guidelines regime." <u>Id.</u> at 12. This is a fact-specific inquiry. <u>Id.</u>

In an attempt to meet this heavy burden, Patterson notes that the District Court imposed a sentence at the bottom of the armed-career-criminal guidelines range. But our Court has deemed sentencing at the bottom of the range "insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the Booker error." Id. Patterson also points to the District Court's statements at the sentencing hearing that "the legislative branch of government is severally [sic] tying the hands of the judicial system, right or wrong" by implementing a mandatory criminal sentencing scheme and that "it is a little bit unfair" to base an enhancement on Patterson's "aged convictions" that occurred prior to 1987. Tr. at 304, 305. We note, however, that the District Court stated, in the same discussion, that "Congress cannot be faulted terribly in a situation like we have here because . . . one of [the prior convictions involved] a sawed-off shotgun which to me is a very, very serious problem," while another prior conviction was for burglary of a residence in which Patterson assaulted the victim. Id. at 304. In these circumstances, involving serious offenses, we cannot say there is a reasonable probability that the District Court would have imposed a more favorable sentence but for the Booker error.

Because Patterson has not met his burden of showing a reasonable probability of prejudice, our inquiry ends and we do not reach the fourth Olano factor. See Pirani, slip op. at 13. Patterson's sentence is upheld.

The judgment of the District Court is affirmed.

_____