# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 04-2282

—————

United States of America,          *
                                          *

          Appellee,            *

                                          *   Appeal from the United States

      v.                     *   District Court for the Western

                                          *   District of Arkansas.

Donaciano Rodriguez-Mercado,   *

                                          *      [UNPUBLISHED]

          Appellant.          *

—————

Submitted:  June 7, 2005
Filed:    June 17, 2005

—————

Before BYE, RILEY, and COLLOTON, Circuit Judges.

—————

PER CURIAM.

     Donaciano Rodriguez-Mercado (Rodriguez) appeals the sentence the district court[1] imposed following his guilty plea to illegally reentering the United States after having been convicted of an aggravated felony and deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). Rodriguez's counsel initially moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967). In two subsequently filed supplemental briefs, counsel argues (1) Rodriguez's sentence violates the Sixth Amendment, in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), because the

—————

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

district court made findings regarding the existence and nature of his prior conviction, thereby enhancing his sentence; and (2) Shepard v. United States, 125 S. Ct. 1254 (2005), implicitly overruled Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998).

Rodriguez's Sixth Amendment argument was not raised below, and there is no plain error, because Booker does not require a jury to find the fact of a prior conviction. See Booker, 125 S. Ct. at 756; cf. United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005) (rejecting argument that nature of prior conviction is to be treated differently from fact of prior conviction; once sentencing court determines prior conviction exists, it is legal question for court whether crime meets "crime of violence" definition of U.S.S.G. § 4B1.2). Also, we recently held Booker and Shepard did not overrule Almendarez-Torres. See United States v. Patterson, No. 04-1178, 2005 WL 1123555, at *2 (8th Cir. May 13, 2005).

In the Anders brief, counsel raises as issues (1) whether the district court afforded Rodriguez an opportunity to dismiss appointed counsel and retain new counsel, and (2) whether the court properly conducted the plea and sentencing hearings. These arguments fail. First, the motion transcript shows that the court gave Rodriguez the opportunity to hire new counsel. Second, any omissions in the plea colloquy did not affect Rodriguez's substantial rights. See United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004); United States v. Vonn, 535 U.S. 55, 58-59 (2002).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Thus, we grant counsel's motion to withdraw, and we affirm.

_____