# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3063

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Kevin D. Gladney, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 13, 2006
Filed: June 15, 2006

_____

Before COLLOTON, HEANEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kevin D. Gladney pled guilty to distributing five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and the district court[1] imposed a sentence of 188 months' imprisonment. Gladney appeals his sentence, and we affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

At sentencing, the district court described how it would determine Gladney's sentence in light of *United States v. Booker*, 543 U.S. 220 (2005), noting that it was required to calculate the guideline range "in the same way that it had in the past" and "to not be a slave to [the guidelines], to not be required to follow them, but to simply take them into account." (Tr. at 41-42). The court concluded that Gladney was a career offender within the meaning of USSG § 4B1.1, and that the advisory guidelines range was 188 to 235 months' imprisonment. The court then rejected Gladney's argument that because his criminal history was allegedly not typical of a career offender, a more lenient sentence was warranted based on the factors in 18 U.S.C. § 3553(a). The court found that "the criminal history that I see here . . . does provide support[] for the notion that the sentencing guidelines under all the circumstances are reasonable in this particular case," and further found that there was no justification for going "well outside the advisory sentencing guidelines." (Tr. at 57). The court imposed a sentence of 188 months, which was at the bottom of the advisory range, along with a fine of $15,000 and five years' supervised release.

On appeal, Gladney argues that the 188-month sentence is unreasonable with regard to § 3553(a). Subsequent to *Booker*, district courts are required to calculate the applicable guideline range as they did under the mandatory guidelines system, but they are also to consider the other factors in § 3553(a), including the history and characteristics of the defendant, in fashioning an appropriate sentence. *United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 276 (2005). Gladney argues that the district court gave undue weight to the guidelines, and failed to consider his personal characteristics, including his personal health concerns and drug addiction, the medical condition of his mother, and the fact that he had only two qualifying prior offenses.

We conclude that the district court committed no legal error in its consideration of the guidelines. The district court's comments at sentencing indicate that it understood the advisory nature of the guidelines and the factors it should consider in

imposing a sentence. Gladney argues that his criminal history "barely" qualified him as a career offender, and that the court erred by describing the career offender status as something that it was "not empowered to overlook or cancel out." (Tr. at 54). But this comment does not demonstrate error; it was an accurate description of the district court's responsibility to calculate the applicable guideline range in the same manner as it would have prior to *Booker*.

Nor are we persuaded by Gladney's argument that his borderline status as a career offender rendered a guidelines sentence unreasonable. The advisory guidelines sentence is presumptively reasonable, *United States v. Tobacco*, 428 F.3d 1148, 1151 (8th Cir. 2005), and there is nothing about Gladney's offense or history that compels a lesser sentence. Any defendant with two qualifying convictions might be said "barely" to qualify as a career offender, but that alone surely does not make the guidelines sentence unreasonable.

Gladney's record does not provide persuasive grounds for leniency. He was convicted of aggravated assault in 1992 after he "fired shots on the day Kenneth McKeown was killed," and capital murder charges were reduced when "[t]he evidence did not establish conclusively that McKeown was killed by Gladney's shots." (PSR ¶ 39). He was convicted of a third degree assault in 1996 after a complaint alleged that he "punched victim Tonya Lee in the head several times." (*Id*. ¶ 40). He was convicted of possessing crack cocaine with intent to distribute it in 2000, was sentenced to probation by a lenient state court, violated his probation, and failed to appear for a probation revocation hearing. (*Id*. ¶ 42). And he committed the instant offense while on probation. (*Id*. ¶ 46). The district court recognized that it had authority to vary from the guidelines, but in light of the evidence concerning Gladney's criminal history, the court thought the guideline sentence was reasonable "in this particular case." (Tr. at 57). That conclusion is not unreasonable.

Gladney also argues that his Sixth Amendment rights were violated by the judicial "fact-finding" necessary to impose an enhancement based on his status as a career offender. We previously have rejected this argument, holding that the Sixth Amendment is not violated by judicial determinations regarding the nature and existence of a defendant's prior convictions. *United States v. Patterson,* 412 F.3d 1011, 1015-16 (8th Cir. 2005).

The judgment of the district court is affirmed.

_____