# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2558

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Dale D. Decoteau, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 17, 2006
Filed: August 22, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Dale Decoteau guilty of being a felon in possession, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e). At sentencing, the district court[1] determined a Guidelines imprisonment range of 188-235 months, based in part on Decoteau's status as an armed career criminal, and sentenced him to 188 months in prison and three years of supervised release. On appeal, Decoteau argues (1) the district court erred when it sentenced him as an armed career criminal because his prior convictions had not been proven to a jury beyond a reasonable doubt; and (2) the district court

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

erred in finding that Decoteau's conviction for possession of an unregistered firearm is a violent felony.

First, this court's decisions foreclose Decoteau's argument that his prior convictions should have been submitted to a jury to determine beyond a reasonable doubt whether they were violent felonies.  See United States v. Patterson, 412 F.3d 1011, 1015-16 (8th Cir.) (fact of prior conviction does not need to be admitted by defendant or proved to jury beyond reasonable doubt; once court determines prior conviction exists, characterization of conviction as violent felony is legal matter for court to consider), cert. denied, 126 S. Ct. 591 (2005); United States v. Johnson, 408 F.3d 535, 540 (8th Cir. 2005) (noting that Supreme Court has not overruled Almendarez-Torres v. United States, 523 U.S. 224, 243-44 (1988), and Shepard v. United States, 544 U.S. 13 (2005), did not alter rule that court may consider prior criminal history as sentencing factor).

Second, the district court properly classified Decoteau's prior conviction for possession of an unregistered sawed-off shotgun as a violent felony in sentencing him as an armed career criminal based on his prior convictions.  See 18 U.S.C. § 924(e)(1) (defendant who violates § 922(g)(1) and has 3 prior convictions for violent felonies is subject to 15-year mandatory minimum sentence); U.S.S.G. § 4B1.4(a) (defendant who is subject to enhanced sentence under 18 U.S.C. § 924(e) is armed career criminal); United States v. Childs, 403 F.3d 970, 971 (8th Cir.) (possession of short-barreled shotgun is violent felony), cert. denied. 126 S. Ct. 466 (2005).  Accordingly, we affirm.

_____