# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3374

_____

United States of America,      *
     *
     Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Western District of Missouri.
Robert Tharp,      *
     *    [UNPUBLISHED]
     Appellant.      *

_____

Submitted: April 7, 2009
Filed: April 21, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Robert Tharp challenges the 180-month prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), and 924(e)(2)(B). For reversal, he argues that (1) the court erred in sentencing him as an armed career criminal (ACC) under section 924(e), because his previous convictions for escape and statutory rape do not qualify as violent felonies; and (2) his Sixth Amendment rights were violated, because he did not admit, and a jury did not find,

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

that the convictions were violent felonies. For the reasons discussed below, we affirm.

Under 18 U.S.C. § 924(e)(1), a section 922(g) violator who has three previous convictions for a "violent felony" or a "serious drug offense" committed on occasions different from one another is subject to a mandatory minimum prison sentence of 15 years. Following de novo review, see United States v. Livingston, 442 F.3d 1082, 1083 n.1 (8th Cir. 2006), we conclude that the district court properly classified Tharp as an ACC. He had one controlled-substance conviction that qualified as a serious drug offense, see 18 U.S.C. § 924(e)(2)(A)(ii); his statutory-rape conviction involving a minor under the age of fourteen qualified as a violent felony, see United States v. Mincks, 409 F.3d 898, 900 (8th Cir. 2005); United States v. Williams, 537 F.3d 969, 971 (8th Cir. 2008) (this court has never recognized difference between "crime of violence" and "violent felony"); and a prior Missouri conviction for second-degree burglary also qualified as a violent felony, see Mo. Rev. Stat. § 569.170; Taylor v. United States, 495 U.S. 575, 598 (1990).[2] We also conclude that the district court did not violate the Sixth Amendment. See United States v. Patterson, 412 F.3d 1011, 1015-16 (8th Cir. 2005) (district court did not violate Sixth Amendment by sentencing appellant as ACC based on prior convictions for violent felonies); United States v. Hudson, 414 F.3d 931, 936 (8th Cir. 2005) (courts interpret and apply language of § 924(e) in determining whether crime constitutes violent felony).

Accordingly, we affirm.

_____

_____

[2]Because these three convictions alone triggered ACC status, we need not determine whether the escape conviction also qualified as a violent felony.