**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-5180**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JIMMY BRICE,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00218-RJC-1)

———————

Submitted: February 17, 2010      Decided: March 5, 2010

———————

Before KING, GREGORY, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John J. Cacheris, DOZIER, MILLER, POLLARD & MURPHY, Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Matthew Martens, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Brice was convicted of bank robbery, armed bank robbery, possession of a firearm during a crime of violence, and possession of a firearm by a convicted felon. He received an aggregate sentence of 480 months in prison. Brice now appeals, raising three issues. We affirm.

I

At trial, the district court overruled Brice's objections to the testimony of several witnesses about their and others' reactions during the robbery. Among other things, the witnesses testified that they were "scared," "nervous," and "shocked," and a customer appeared "terrified." Brice contends that the introduction of such testimony was irrelevant and that, given its cumulative and repetitive nature, the evidence was so prejudicial and inflammatory as to warrant reversal. We review the district court's evidentiary ruling for abuse of discretion. United States v. Blake, 571 F.3d 331, 346 (4th Cir. 2009), cert. denied, --- S. Ct. ---, 2010 WL 58699 (U.S. Jan. 11, 2010) (No. 09-7788).

In a prosecution for bank robbery, the Government must prove that the defendant took money or property from a bank "by force and violence, or by intimidation." 18 U.S.C. § 2113(a) (2006). We have stated:

> The intimidation element of § 2113(a) is satisfied if an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts, whether or not the defendant actually intended the intimidation. Under this test, the subjective courageousness or timidity of the victim is irrelevant; the acts of the defendant must constitute intimidation to an ordinary, reasonable person.

United States v. Ketchum, 550 F.3d 363, 367 (4th Cir. 2008) (internal quotation marks and citations omitted).

We conclude that the district court did not abuse its discretion in permitting the testimony at issue. Courts routinely admit such testimony as probative of intimidation under § 2113(a). See, e.g., United States v. Burnley, 533 F.3d 901, 903 (7th Cir. 2008) ("How the teller who encountered the defendant felt . . . is probative of whether a reasonable person would have been afraid under the same circumstances, even though the ultimate standard is an objective one.") (internal quotation marks and citations omitted); United States v. Caldwell, 292 F.3d 595, 596 (8th Cir. 2002) ("Whether the defendant's actions did induce fear . . . is not conclusive, but is probative of whether his actions were objectively intimidating."). We agree with this reasoning and conclude that the testimony in question was properly admitted as probative of intimidation.

Nor was the testimony unduly prejudicial or inflammatory. Other testimony at trial presented objective evidence of possible intimidation: Brice wore a ski mask,

carried a weapon, and shouted and used profanity and abusive language.  The evidence to which Brice objects — that certain persons were "terrified" — is nonetheless relevant in demonstrating subjective intimidation.  <u>Both</u> forms of evidence assist the jury in determining whether a reasonable person would likely be intimidated, and the exclusion of either form would impede the jury's determination.  We find the presentation of such evidence to be neither unduly prejudicial nor inflammatory.


II

Brice next contends that a supplemental instruction on Count Three (possession of a firearm during a crime of violence) constructively amended the indictment.

Count Three charged that Brice,

> during and in relation to a crime of violence, that is, bank robbery, . . . did use, carry, and brandish a firearm, and in furtherance of said crime, did knowingly possess said firearm, that is, a handgun, in violation of Title 18, United States Code Section 924(c)(1).

When the court instructed the jury on this count, the court read the charge verbatim, read the pertinent portion of the statute, and instructed on the elements of the offense.  During deliberations, the jury asked for clarification of the phrase "and in furtherance of said crime" and asked if this applied

4

only to occurrences inside the bank. In response, the district court gave the following supplemental instruction:

> [T]he definition that I gave you earlier was that, to prove the defendant possessed a firearm in furtherance of a crime of violence, the Government must prove that the defendant possessed the firearm that furthers, advances, or helps forward the crime of violence.
>
> You asked a secondary question; does this only apply to what occurred inside the bank?
>
> The short answer to that is "no." . . . [T]he escape phase . . . is part of the crime of bank robbery.

"A constructive amendment to an indictment occurs when . . . the government (usually during its presentation of evidence and/or its argument), the district court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented to the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994). "A constructive amendment is a fatal variance because the indictment is altered to change the elements of the offenses charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (internal quotation marks and citation omitted). A constructive amendment is error per se, and, given the Fifth Amendment right to be indicted by a grand jury, "must be corrected on appeal even when not preserved by objection." Floresca, 38 F.3d at 714.

5

When considering a constructive amendment claim, "it is the broadening [of the bases for a defendant's conviction] that is important - nothing more." Id. at 711. The key inquiry is whether the defendant has been tried on charges other than those made in the indictment. See id.

In United States v. McCaskill, 676 F.2d 995 (4th Cir. 1982), we determined that a defendant who was unarmed but who drove the getaway car was properly convicted of armed robbery as an aider and abettor in part because "[t]he escape phase of a crime is not . . . an event occurring after the robbery. It is part of the robbery." Id. at 1000 (internal quotation marks and citation omitted). More recently, the Third Circuit observed that case law within the courts of appeals consistently treats escape as part of bank robbery. United States v. Williams, 344 F.3d 365, 372-73 (3rd Cir. 2003).

Brice was charged in Count Three with possession of a firearm in furtherance of a crime of violence. Because the crime of violence — the bank robbery — continued during Brice's escape, the supplemental instruction did not constructively amend the indictment by changing the elements of the offense against which he had to defend.

III

Brice's final claim is that the Government consistently advanced the theory that he possessed the firearm while in the bank, thereby constructively narrowing the indictment, so that he was forced to forego any defenses he might otherwise have asserted. In United States v. San Juan, 545 F.2d 314 (2nd Cir. 1976), the jury instruction permitted a broader theory of guilt than the theory unequivocally advocated for and defended against at trial. Here, the Government did not unequivocally advance one theory of guilt to the exclusion of all others. Indeed, in both opening and closing arguments, the Government referred to Brice's possession of the gun both inside the bank and during the escape phase of the robbery. Similarly, the Government elicited testimony that Brice displayed the gun while in the bank and that the gun was discovered inside a backpack Brice was carrying when he was captured. We hold that there was no constructive narrowing of the indictment.

IV

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED

7