[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13255
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00256-DHB-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE ADONIS GARNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 2, 2014)

Before TJOFLAT, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Eddie Garnett appeals his conviction for bank robbery by intimidation, in violation of 18 U.S.C. § 2113(a), and his 120-month sentence.  On appeal, Garnett argues that the district court improperly admitted evidence of witness' subjective feelings of intimidation, that the district court should have granted his motion for judgment of acquittal, and that his above-guideline sentence of 120-months imprisonment was unreasonable.  After careful review, we affirm.

I.

On October 11, 2012, Garnett entered a bank and demanded money from a bank teller.  The teller did not comply with Garnett's demand, and so he reached across the counter and took money from the drawer himself.  He then announced that he needed all the tellers' money, jumped over the counter, and proceeded to remove money from several drawers.  None of the bank's employees tried to stop Garnett because they had been trained to comply during a robbery rather than fight back.  Garnett never brandished a weapon or physically harmed any of the employees, nor did he verbally threaten to do so if they interfered.  After he finished taking money from the drawers, Garnett leapt back over the counter and left the bank with more than $5,000.

The government arrested Garnett shortly after the incident and charged him with violating 18 U.S.C. § 2113(a), which makes it unlawful for any person to take money from a bank "by force and violence, or by intimidation."  At  trial, the

2

government proceeded on the theory that, although Garnett had not used force and violence to commit the offense, he had used intimidation. To make its case, the government called several bank employees as witnesses. Each employee explained her subjective reactions to Garnett's conduct, over his objection. They testified that they were "horrified," "very scared," and "shaking" throughout the ordeal. The jury also saw video and photographs of the incident.

Based on this evidence, the jury convicted Garnett. Garnett moved for judgment of acquittal, asserting that the evidence did not support the conviction. The district court denied Garnett's motion, noting that he did not contest that he "committed the physical acts of reaching over the counter and grabbing money from the teller drawer, leaping over the counter into the teller's work space, roving back and forth behind the teller counter in very close proximity to the two tellers behind the counter, taking money from several teller drawers, and then leaping back over the counter in close proximity to the branch manager."

Under the United States Sentencing Guidelines, Garnett had an offense level of 22 and a criminal history category of IV, which corresponded to a guideline range of 63- to 78-months imprisonment. However, the Presentence Investigation Report (PSR) recommended a 120-month sentence because the guideline range did not adequately account for Garnett's lengthy criminal history. See United States Sentencing Guidelines (USSG) § 4A1.3. Garnett's prior convictions included

another conviction for bank robbery in 1997 and one for bank theft in 2006, for which he was still on supervised release at the time he committed this offense. Both of these prior convictions increased Garnett's offense level. Other similar adult convictions which did not increase his offense level under the Guidelines included three convictions for theft by taking and one burglary conviction.

The government recommended that the district court vary the sentence upward even higher, to the statutory maximum penalty of 240 months. See 18 U.S.C. § 2113(a). The district court declined to go so far, but did agree that an upward variance was appropriate. To that end, the district court sentenced Garnett to 120 months, as the PSR recommended.

Garnett raises three arguments on appeal. First, he argues that the district court improperly admitted irrelevant evidence of the bank employees' subjective response to Garnett's conduct. Second, he argues that the evidence was insufficient to prove that he committed the offense by intimidation. Finally, he argues that the upward variance was unjustified, because his criminal history category adequately accounted for his prior offenses.

## II.

It is helpful to address Garnett's challenges to both the admissibility and the sufficiency of the evidence together. We review a district court's decision to admit evidence over a defendant's objection for abuse of discretion, United States v.

4

Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000), and the denial of a motion for a judgment of acquittal de novo, United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001) (per curiam). "To uphold the denial of a motion for judgment of acquittal, we need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt," viewing the facts and drawing all inferences in the light most favorable to the verdict. Id. (quotation marks omitted).

Garnett argues that the government did not carry its burden to prove that he took the money by intimidation. "Under 18 U.S.C. § 2113(a), intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." United States v. Cornillie, 92 F.3d 1108, 1110 (11th Cir. 1996) (quotation marks omitted) (per curiam). Garnett is right to say that the element of intimidation "is viewed objectively." United States v. Kelley, 412 F.3d 1240, 1244 (11th Cir. 2005).

But it does not follow that evidence of a particular person's subjective fear cannot properly be considered when a jury decides whether a reasonable person would be intimidated by the same conduct. See United States v. Graham, 931 F.2d 1442, 1443 (11th Cir. 1991) (noting that defendant never brandished a weapon or made threatening gestures, but still finding the evidence sufficient to support intimidation based on the teller's testimony that the defendant's conduct caused her

5

to feel afraid); see also United States v. Caldwell, 292 F.3d 595, 596 (8th Cir. 2002) ("Whether the defendant's actions did induce fear in an individual victim is not conclusive, but is probative of whether his acts were objectively intimidating."); United States v. Higdon, 832 F.2d 312, 315 (5th Cir. 1987) ("Evidence that [the defendant's] acts did induce fear in an individual victim is probative of whether his acts were objectively intimidating." (emphasis omitted)). As a result, the district court did not abuse its discretion by admitting the bank employees' testimony about their reactions, and we can properly consider that evidence in evaluating the sufficiency of the evidence against Garnett.

The employees' testimony about their subjective feelings of fear and intimidation during the robbery supports the jury's conclusion that his behavior was objectively intimidating. So, too, does the testimony, video, and photographic evidence that Garnett aggressively jumped behind the teller counter and came in close proximity to the tellers during the incident. See Kelley, 412 F.3d at 1245–46 (finding sufficient evidence of intimidation where the evidence showed that the defendant aggressively leapt onto the counter and came "within arm's length" of the bank teller). Given the evidence, our precedent on what constitutes intimidation, and the nature of our review, we affirm the district court's denial of Garnett's motion for acquittal.

III.

6

Garnett also challenges the reasonableness of the upward variance in his sentence, which we review under a deferential abuse of discretion standard. United States v. Early, 686 F.3d 1219, 1221 (11th Cir. 2012).  Because he challenges the reasonableness of the sentence, the burden falls on him to show the district court abused its discretion.  Id.

The boundaries on a district court's broad discretion in sentencing a criminal defendant are supplied by statute, which provides that a district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a).  The purposes of sentencing include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct, among other factors.  Id.

An appellate court reviewing the reasonableness of a sentence "must first ensure that the district court committed no significant procedural error."  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  Examples of significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  Id.

7

There can be no doubt that Garnett's sentence is procedurally reasonable. The district court properly calculated the guideline range, clearly treated the range as advisory, and did not select the sentence based on erroneous facts. Most important for this appeal, it is clear from the record that the district court considered the § 3553(a) sentencing factors and thoroughly explained why it chose to impose the sentence it did. The court explained that an upward variance was necessary "for the protection of society," to reflect the seriousness of Garnett's offense and its potential consequences, "to promote respect for the law which [Garnett] has shown little regard for," and to deter others who "might be similarly inclined." This explanation easily satisfies a district court's obligation to consider the relevant sentencing factors and set forth its reasons for imposing a particular sentence.

Having determined that the sentence is procedurally reasonable, we now examine whether it is substantively reasonable in light of the totality of circumstances. Gall, 552 U.S. at 51, 128 S. Ct. at 597. Because Garnett's sentence is outside the guideline range, we may consider the extent of the deviation in assessing the reasonableness, but must still give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the sentence. Id. Even if we might think a different sentence would have been appropriate, we will reverse only if we are "left with the definite and firm conviction that the district

court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Rodriguez, 628 F.3d 1258, 1264–65 (11th Cir. 2010) (quotation marks omitted).

A district court imposes a substantively unreasonable sentence when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). An upward variance may rest upon facts that have already been taken into account to some extent in calculating the guideline range. See Rodriguez, 628 F.3d at 1264 ("[A] district court can rely on factors in imposing a variance that it had already considered in imposing an enhancement . . . .").

Garnett has not met his heavy burden to establish that his sentence is substantively unreasonable. Only two of the similar offenses in Garnett's criminal history contributed to his offense level. The district court could properly take into account the other convictions in Garnett's record, as well as the lack of change in his behavior following the two offenses which did contribute to his offense level, when considering whether and to what extent the guideline range adequately served the purposes of sentencing. As the district court explained, Garnett clearly

9

demonstrated a strong propensity to reoffend and that he had not been dissuaded from law-breaking despite having been convicted a number of times for similar offenses.  This caused a number of the sentencing factors to weigh strongly in favor of varying Garnett's sentence upward, at least to some extent.  And although the extent of the variance the district court imposed is significant, we cannot say that it was outside the range of reasonable sentences given the facts of this case.

For these reasons, Garnett's conviction and sentence are **AFFIRMED**.