# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3341

_____

United States of America

*Plaintiff - Appellee*

v.

David E. Clark

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 5, 2017
Filed: August 21, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Defendant David Clark was convicted of bank robbery and sentenced to 60 months imprisonment. He appeals, challenging the sufficiency of the evidence. We affirm.

## I.

David Clark walked into the Plaza branch of Commerce Bank in Kansas City, Missouri on the afternoon of July 28, 2014 wearing a baseball hat, an orange vest, and sunglasses. Teller Justin Souza at once sensed that Clark was there to rob the bank. Clark walked right up to Souza's station and tried to give him a piece of paper. In a tone loud enough to be heard by others, Souza asked Clark several times if he could help him. Clark demanded Souza open his cash drawer, and Souza told him the drawer was locked and he did not have the key. Clark then ordered Souza to get the key. After Souza asked another worker for help, Clark told him, "No, don't do it." Clark demanded specific types of bills when the cash drawer was opened. Souza then turned over $3,037 to Clark who left the bank. Souza reported the robbery to the police and later testified at trial that he had feared that Clark might have been reaching for a weapon. Souza said he had been concerned for his own safety as well as for the other people in the bank.

After Clark was charged with one count of bank robbery under 18 U.S.C. § 2113(a), he waived his right to a jury trial. The case was tried to the court, and the evidence was mainly undisputed. Clark argued, however, that the government had not shown that he had taken the funds "by intimidation," an element of bank robbery under § 2113(a). He stipulated to the other elements of the offense, and the district court[1] found that the evidence did establish intimidation. Clark was sentenced to 60 months. He appeals, arguing that the evidence was insufficient to prove the offense of bank robbery.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

II.

We review the sufficiency of the evidence de novo and examine the record in the light most favorable to the government while resolving conflicts in its favor and "accepting all reasonable inferences that support the verdict." United States v. Koch, 625 F.3d 470, 478 (8th Cir. 2010) (quoting United States v. Scofield, 433 F.3d 580, 584–85 (8th Cir. 2006)). The same standard applies as in a jury case, and we "will reverse only 'if no reasonable [factfinder] could have found [the defendant] guilty beyond a reasonable doubt.'" Id. (alteration in original) (quoting United States v. Gray, 369 F.3d 1024, 1028 (8th Cir. 2004)).

In order to convict Clark of bank robbery, the government was required to prove that he had taken the funds by intimidation or force and violence. 18 U.S.C. § 2113(a). The element of intimidation can be satisfied by showing that "an ordinary person in the bank teller's position" could have reasonably perceived "a threat of bodily harm from the bank robber's words and actions." United States v. Pickar, 616 F.3d 821, 825 (8th Cir. 2010). Evidence of the teller's subjective fear and intimidation "is probative of whether [the robber's] acts were objectively intimidating." Id. (alteration in original) (quoting United States v. Caldwell, 292 F.3d 595, 596 (8th Cir. 2002)). One example of intimidation is found in United States v. Smith, 973 F.2d 603 (8th Cir. 1992).

In Smith, the defendant sought to withdraw $2,500 although he did not have an account at the bank. 973 F.2d at 603. After yelling, "[Y]ou can blame this on the president, you can blame this on whoever you want," the defendant leaned only a foot away from the teller who feared that he might have a weapon in his fanny pack. Id. at 603–04. Several days later the defendant approached a different teller, again seeking to make a withdrawal. Id. at 604. When that teller refused, the defendant moved on to a second who recognized him from his previous visit but who was unable to see both of the defendant's hands. Id. When the defendant leaned over the

second teller's counter and twice demanded $5,000, the teller complied. Id. The defendant was later convicted of two counts of bank robbery, the evidence having established that he took money by intimidation on both occasions. Id. at 604–05. The intimidation element of bank robbery was also illustrated in United States v. Caldwell, 292 F.3d 595, 596 (8th Cir. 2002), where that defendant first slammed his hands on a bank counter and then jumped over it. After the adjacent teller screamed, the defendant moved to another counter and emptied its cash drawer before leaving the bank without saying anything or showing any weapon. Id.

In the case now before our court, Clark approached Souza's teller station with a piece of paper and told the teller to open his cash drawer and give him its contents. The teller tried to seek assistance from a coworker, but Clark ordered him to stop. The teller and Clark were only an arm's length apart at this point without any physical barrier between them. The district court found that Clark had intimidated Souza by approaching closely to a point from which he could have grabbed or hit the teller. Clark's manner also made Souza think he might have a gun. We agree with the district court that an ordinary person in the teller's position could have reasonably feared "a threat of bodily harm." See Pickar, 616 F.3d at 825. We conclude that the evidence of intimidation was sufficient to support Clark's conviction.

III.

For these reasons we affirm.

_____