UNITED STATES of America, Plaintiff–Appellee,

v.

Michael Duane GRAHAM, Defendant–Appellant.

No. 90-3452

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 22, 1991.

John Edman, Clearwater, Fla., for defendant-appellant.

David Reese Jennings, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Appeal from the United States District Court for the Middle District of Florida.

Before FAY, HATCHETT and BIRCH, Circuit Judges.

HATCHETT, Circuit Judge:

In this bank robbery case, we affirm a conviction under 18 U.S.C. § 2113 although the robber did not have a weapon, did not use force, and did not verbally threaten the bank teller. We join the Fifth Circuit in defining intimidation as an act reasonably calculated to put another in fear.

On November 13, 1989, Michael Duane Graham, the appellant, entered a Barnett Bank in Bradenton, Florida, and approached a teller. Graham gave the teller a note which stated:

This is a robbery. Please give me small, unmarked bills, touch off no alarms, and alert no one for at least ten minutes. Thank you.

The teller initially thought that Graham was joking, but after observing his glares and stares, she handed him $8,700 from her drawer. While she pulled the money from her drawer, Graham continued to stare at her and lean towards her over the teller counter. Graham also stared at the teller's nameplate. Although the teller had some bait money in her drawer, she did not give Graham any of this money because she was afraid to do so. Additionally, the teller testified that she was afraid to touch the alarm while Graham was standing in front of her. The teller never saw Graham with a gun nor did she see Graham clinch his fists or make any other obvious threatening gestures. The teller, however, could not see Graham's entire body or know if he had a weapon.

On November 16, 1989, Sarasota, Florida, police arrested Graham for bank robbery. A federal grand jury indicted Graham on one count of bank robbery, in violation of 18 U.S.C. § 2113(a). A jury found Graham guilty of bank robbery, and the district court sentenced Graham, as a career offender, to 225 months imprisonment followed by 3 years supervised release. The court refused to grant Graham a two-level adjustment for acceptance of responsibility.

## ISSUES

Graham raises three issues on appeal: (1) whether the district court erred by failing to direct a verdict on the charge of violation of 18 U.S.C. § 2113; (2) whether the court properly sentenced him as a career offender; and (3) whether the district court erred in refusing to grant him a two-level adjustment for acceptance of responsibility.

## DISCUSSION

### 1. Motion for Directed Verdict

■ Graham contends that the district court should have granted his motion for a directed verdict because a conviction under 18 U.S.C. § 2113 requires proof of robbery using force, violence, or intimidation. Graham argues that the government proved neither force nor violence because he did not have a weapon nor did he threaten the teller in any way. Additionally, citing *United States v. Higdon*, 832 F.2d 312 (5th Cir.1987), Graham argues that his note to the teller and his subsequent glares did not amount to intimidation. We reject the contention. The bank teller's testimony clearly showed that she was intimidated by the note and Graham's subsequent glares and stares. In *Higdon*, the Fifth Circuit defined intimidation as an act that is reasonably calculated to put another in fear. The teller testified at trial that she was so afraid of Graham's demeanor and his note that she did not give him the bait money nor was she able to press the alarm. Consequently, Graham's argument is without merit.

### 2. Career Offender Sentence

■ Graham argues that he should not have been sentenced as a career offender because the instant offense, the bank robbery, was not a "crime of violence." According to Graham, the United States Sentencing Guidelines § 4B1.2 defines a crime of violence as one that (a) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (b) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. Graham fails to note, however, that section 4B1.2(1)(i), comment note 2, lists robbery as a crime of violence. Thus, this claim must fail.

### 3. Acceptance of Responsibility

■ Finally, Graham argues that the district court erred in failing to grant him a two-level adjustment for acceptance of responsibility. The district court held a hearing to consider Graham's request for a two-level adjustment and denied this request after finding that Graham allowed the case to proceed to trial and did not wish to comment on his involvement in the of-

fense until he was actually sentenced. The district court's ruling is not clearly erroneous. *See United States v. Spraggins*, 868 F.2d 1541, 1544 (11th Cir.1989). The United States also urges us to adopt the ruling of several other circuits which states that sentencing courts cannot give credit for acceptance of responsibility when a defendant is found to be a career offender. *See United States v. Summers*, 895 F.2d 615 (9th Cir.1990); *United States v. Reyes*, 881 F.2d 155 (5th Cir.1989); *United States v. Alves*, 873 F.2d 495 (1st Cir.1989); *United States v. Huff*, 873 F.2d 709 (3d Cir.1989). We need not reach this issue in this case, however, because Graham did not question whether individuals sentenced as career offenders could be given credit for acceptance of responsibility.

Accordingly, the district court is affirmed.

AFFIRMED