16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard Eugene HICKSON, Defendant-Appellant.
 No. 93-5639.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1994.
Decided Feb. 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-93-29)
 Randolph B. Monchick, Asst. Public Defender, Raleigh, NC, for appellant.
 Rudolf A. Renfer, Jr., U.S. Atty., John Howarth Bennett, Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Bernard Eugene Hickson pled guilty to bank robbery, 21 U.S.C.A. Sec. 2113(a) (West Supp.1993). He appeals his sentence of forty-two months, alleging that the wrong guideline section was used to calculate his sentence. We affirm.
 
 
 2
 Hickson entered a bank and told the teller, "I'd like to make a withdrawal, I want the money in your drawer." At the same time, he gave her a note which said, "The funds in your drawer, 100's, 50's, and 20's." After his guilty plea, Hickson's attorney objected to the probation officer's use of guideline section 2B3.1* (Robbery), instead of section 2B1.1 (Larceny), both of which may apply to convictions under Sec. 2113(a). The attorney reported that, when the teller was interviewed, she said she had been scared. Nonetheless, he argued that Hickson's conduct was larceny rather than robbery because Hickson had not used force, violence, or intimidation. He relied on this Court's decision in United States v. Wagstaff, 865 F.2d 626, 629 (4th Cir.), cert. denied, 491 U.S. 907 (1989), which found no intimidation where the defendant walked into the teller area and took money from an open cash drawer without speaking to anyone. The district court found that section 2B3.1 was correctly used.
 
 
 3
 We review the district court's selection of the appropriate guideline de novo, United States v. Lambert, 994 F.2d 1088, 1091 (4th Cir.1993), and find no error. Intimidation occurs when the defendant's conduct is "reasonably calculated to produce fear." Wagstaff, 865 F.2d at 627 (quoting United States v. Amos, 566 F.2d 899, 901 (4th Cir.1977)). Unlike the defendant in Wagstaff, who said nothing and did not use a note, Hickson made a verbal and written demand for money to the teller. She was not simply a spectator to a theft, as the tellers were in Wagstaff. She had to decide whether to comply with his demand or refuse it. Hickson's conduct was reasonably calculated to produce enough fear to cause the teller to turn over the money. See United States v. Hopkins, 703 F.2d 1102, 1103 (9th Cir.) (written and verbal demand for money sufficient evidence of intimidation), cert. denied, 464 U.S. 963 (1983).
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)