**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5453

BRAZE GILMORE, JR., a/k/a Richard
Bryant Gilmore,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, District Judge.
(CR-95-7-R)

Submitted: April 16, 1996

Decided: April 30, 1996

Before WILLIAMS and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David D. Walker, Salem, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Thomas L. Eckert, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Braze Gilmore ("Gilmore") appeals his convictions on two counts of bank robbery in violation of 18 U.S.C.A. § 2113(a) (West Supp. 1996). Because we find that there was sufficient evidence that the robberies were accomplished by intimidation, we affirm.

The first robbery occurred at a Crestar Bank in Roanoke, Virginia, on December 30, 1994. Gilmore walked up to a teller and the teller asked if Gilmore needed help. Gilmore handed the teller a note. The note said: "Place four wrapped one hundred, place four wrapped fifties, place four wrapped twenties on the counter. No dye packs! Someone might get hurt." The teller gave a handful of money to Gilmore, and said that was all she had. Gilmore said that was enough, and left.

The second robbery occurred at a First Virginia Bank in Roanoke, Virginia, on January 3, 1995. Gilmore entered the bank, walked up to one of the tellers, and handed her a note on a withdrawal slip. The note said: "Deposit 100's 50's , 20's, no dye packs!" The teller opened a money drawer, took out some money, and placed it on the counter. Gilmore took the money, thanked the teller, and left.

Gilmore asserts that the evidence is insufficient to support his bank robbery convictions because there was no evidence of intimidation. In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether, viewing the evidence in the light most favorable to the Government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). A verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). This court considers circumstantial as well as

2

direct evidence, and allows the Government the benefit of all reasonable inferences from the facts proven to those sought to be established. Tresvant, 677 F.2d at 1021.

The bank robbery statute prohibits a taking "by force and violence, or by intimidation." 18 U.S.C.A. § 2113(a). In United States v. Wagstaff, 865 F.2d 626 (4th Cir.), cert. denied, 491 U.S. 907 (1989), this court articulated a test for determining if a taking by intimidation in violation of § 2113(a) occurred. First, a defendant's conduct must be "reasonably calculated to produce fear." Id. at 627. Second, evidence must establish that "an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." Id. at 627-28 (citations omitted).

During the first robbery, Gilmore handed the teller a note which explicitly threatened physical violence. Thus, the note itself provided sufficient evidence of intimidation. During the second robbery, Gilmore's note, "Deposit 100's 50's, 20's, no dye packs!," although containing no direct threats, was nonetheless intimidating. The phrase "no dye packs!," written with an exclamation point, was calculated to suggest that something bad would happen if a dye pack was used. Gilmore wanted the teller to be fearful of using a dye pack and the note was directed at producing that result. The teller, upon reading the note, was reasonable in believing that harm would come to her if she used a dye pack. Accordingly, there was sufficient evidence of intimidation to support the second bank robbery conviction.

Accordingly, for the reasons discussed above, we affirm Gilmore's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3