United States Court of Appeals,

Eleventh Circuit.

No. 95-4389

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

James Francis CORNILLIE, Defendant-Appellant.

Aug. 28, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-6129CR-WJZ), William J. Zloch, Judge.

Before ANDERSON, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

James Francis Cornillie appeals his conviction and sentence for bank robbery in violation of 18 U.S.C. § 2113(a). Cornillie claims the district court erred by (1) refusing Cornillie's request for an instruction on bank larceny as a lesser included offense, and (2) instructing the jury that Cornillie could be found guilty if he had used force and violence *or* intimidation when Cornillie had been accused in the indictment of having used force, violence *and* intimidation. We affirm.

Cornillie claims the district court erred by refusing to charge the jury on the lesser included offense of bank larceny. We review a district court's refusal to give a particular jury instruction for abuse of discretion. *United States v. Morris*, 20 F.3d 1111, 1114 (11th Cir.1994). An abuse of discretion may occur where the evidence would permit a rational jury to find the defendant guilty of the lesser offense and not the greater. *United States v. Catchings*, 922 F.2d 777, 780 (11th Cir.1991).

The essential elements of bank larceny under 18 U.S.C. § 2113(b) are (1) the defendant took and carried away money, (2) the money was worth more than $100, (3) the money was in the care, custody, control, management or possession of the bank; and (4) the defendant intended to steal or purloin the money. *United States v. Falcone,* 934 F.2d 1528, 1547 (11th Cir.1991). Bank larceny lacks the element of force or intimidation.

Cornillie claims that the jury could have rationally found that he never knowingly and willfully intended to use force and violence or intimidation. Cornillie says the evidence showed that he merely passed non-threatening letters to the bank tellers and that he appeared to be under the influence of drugs. Cornillie claims that if the jury believed he was under the influence of drugs, the jury could have found he lacked the ability to form the requisite intent to intimidate.

Under 18 U.S.C. § 2113(a), intimidation occurs "when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." *See United States v. Higdon,* 832 F.2d 312, 315 (5th Cir.1987); *United States v. Graham,* 931 F.2d 1442, 1443 (11th Cir.1991). The evidence showed that Cornillie presented demand letters to the bank tellers and that the bank tellers complied with his demands out of fear. That Cornillie appeared to be under the influence of drugs could very well have made Cornillie even more intimidating. The district court did not abuse its discretion in denying Flynn's request for a lesser included instruction.

During deliberations, the jury twice asked whether they should

follow the language of the indictment, which charged Cornillie with having used force, violence *and* intimidation, or the court's jury charge which, tracking the language of the statute, instructed the jury that Cornillie could be found guilty if he had used force and violence, *or* intimidation. After the second request, the district court instructed the jury that the government could charge Cornillie in the conjunctive, that is, using the words by force, violence and intimidation, but that the government was allowed to attempt to prove its case at trial in the disjunctive, that is by showing force and violence or intimidation.

Cornillie claims it was error for the district court to instruct the jury that Cornillie could be found guilty if he used only intimidation because he was accused of having used force and violence. Cornillie says the court's instructions confused the jury—as evidenced by their two questions—and that the court's response to the jury's question prejudiced his case.

Where the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any one of the means. *See United States v. Burton,* 871 F.2d 1566, 1573 (11th Cir.1989). However, the court's charge to the jury should track the language of the statute. *See United States v. Brooks,* 670 F.2d 148, 152-53 (11th Cir.1982). The district court correctly instructed the jury. And, by referring the jury back to its original instruction, the district court exercised its affirmative duty to clear up the juror's confusion. *See United States v. Anderton,* 629 F.2d 1044, 1049 (5th Cir.1980).

AFFIRMED.