**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ruth Aishah MUHAMMAD,**
**Defendant—Appellant.**

No. 02–50327.

D.C. No. CR 02–0087 HBT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2003.

Decided May 6, 2003.

---

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Ruth Muhammad appeals her conviction for bank robbery under 18 U.S.C. § 2113(a). Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

Muhammad first argues that the district court denied her constitutional right to present a defense by excluding the 911 tape under Federal Rules of Evidence 801 and 403. We review a district court's decision to exclude evidence under Rules 801 and 403 for an abuse of discretion. *United States v. Adamson*, 291 F.3d 606, 612 (9th Cir.2002). Assuming that the district court erred in concluding that the 911 tape was hearsay under Rule 801 because Muhammad did not offer it to prove the truth of the matter asserted, the error was harmless because the district court's second reason for excluding the tape-because it was confusing and cumulative under Rule 403-was not an abuse of discretion. Muhammad was not denied her right to present a defense by the district court's application of Rule 403. *Greene v. Lambert*, 288 F.3d 1081, 1090 (9th Cir.2002);

see also *United States v. Spencer*, 1 F.3d 742, 745 n. 2 (9th Cir.1992).

■ Next, Muhammad argues that the district court improperly allowed Salinas, the victim bank teller, to testify about his subjective reaction to Muhammad's conduct, because the jury must determine whether Muhammad's conduct was objective intimidating. We have consistently upheld the admission of teller testimony as circumstantial evidence that, when combined with other evidence like a demand note, could allow a jury to infer objective intimidation. *See, e.g., United States v. Hummasti*, 986 F.2d 337, 338 (9th Cir. 1993).

Muhammad also argues that the district court erred in admitting the third sentence of the demand note ("I am armed.") into evidence because Salinas did not testify that he read it and, therefore, it was irrelevant. Again, even assuming that the district court erred in not redacting the third sentence, that error was harmless. Fed. R.Crim.P. 52(a). Salinas testified that he read the first two sentences of the note; however, there was no mention of the third sentence. The government then introduced the note into evidence, but the note was not published to the jury at that time. The first mention of the third sentence before the jury came during the testimony of FBI Agent Hardie, who testified without objection that Muhammad confessed to him that she had written the entire demand note, including the third sentence. Therefore, by the time the jurors saw the note, during deliberation, they had already heard testimony which recited the demand note's third sentence. Thus, the unredacted note, by that time, was merely cumulative of other, unobjected to testimony.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finally, Muhammad argues that the district court erred by not instructing the jury: (1) to consider "all the surrounding circumstances shown by the evidence in the case" under *United States v. Alsop,* 479 F.2d 65, 67 (9th Cir.1973); (2) to focus on Muhammad's conduct and to disregard Salinas' testimony; and (3) that mere theft from a bank does not amount to taking by intimidation pursuant to *United States v. Wagstaff,* 865 F.2d 626, 628–29 (4th Cir. 1989). Where the district court correctly instructed the jury on the elements of the crime and on the defendant's theory of the case, this Court reviews the precise formulation of the instructions for an abuse of discretion. *United States v. Knapp,* 120 F.3d 928, 930 (9th Cir.1997).

The district court did not abuse its discretion in rejecting Muhammad's proposed jury instructions. The district court instructed the jury that "[t]he government must prove beyond a reasonable doubt, however, that the defendant knowingly did something or knowingly said something that would cause an ordinary, reasonable person under the circumstances to be fearful of bodily harm." This instruction adequately instructed the jury to focus its attention on Muhammad's conduct and to consider the circumstances of the robbery. The district court did not abuse its discretion in rejecting Muhammad's proposed instruction based on *Wagstaff,* because the court's instruction clearly presented the element of intimidation and the definition of intimidation to the jury. The judgment of conviction is

**AFFIRMED.**