[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16331
Non-Argument Calendar

_____

D. C. Docket No. 06-00150-CR-01-WSD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE EDWARD MCCREE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 24, 2007)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Bruce McCree, proceeding through counsel, appeals his conviction for armed bank robbery following a guilty plea without the benefit of a plea bargain. McCree contends that the district court abused its discretion in determining that a factual basis existed for his guilty plea and in denying his motion to withdraw his guilty plea.

The relevant facts are as follows: McCree initially entered a plea of not guilty to the charge of armed bank robbery. Later, however, McCree indicated that he wished to plead guilty without the benefit of a plea agreement. The district court held a hearing on the matter on July 5, 2006 (first plea hearing). During this plea colloquy, McCree denied using force and violence, or intimidation, to secure the money from the bank. Because this was an essential element of the offense of armed bank robbery, the district court refused to accept his guilty plea at that time.

McCree appeared before the district court for a second time on July 20, 2006, where he again expressed his intention to plead guilty (second plea hearing). McCree admitted during this second plea hearing that he handed a teller a demand note warning, "This is a stick up, 20s and 50s only, don't be a hero," and that he intended the note to cause the teller to give him the money. The district court ultimately accepted McCree's guilty plea and adjudicated him guilty of armed bank robbery.

2

At the first sentencing hearing, in September 2006, the district court initially resolved the parties' objections to the PSI, adopted the facts set forth in the PSI, as amended, and calculated McCree's total offense level. Thereafter, McCree spoke and again denied that he was guilty of armed bank robbery. Instead, McCree maintained that he was guilty of bank larceny, because he did not use force and violence, or intimidation, to secure the money from the bank. Based on these representations, the district court postponed sentencing, and ordered McCree to submit a formal written motion to withdraw his plea.

After entertaining the parties' arguments on the issue, the district court denied McCree's motion to withdraw his guilty plea and sentenced him to a term of 155-months imprisonment at a second sentencing hearing in December 2006. This appeal followed.

## I.

We review for abuse of discretion a district court's determination that a plea had a factual basis. *United States v. Lopez*, 907 F.2d 1096, 1100-01 (11th Cir. 1990). A district court abuses its discretion if it accepts a defendant's guilty plea when there was no evidence "from which it could reasonably find that the defendant was guilty." *Id.* at 1100.

A district court, before accepting a plea, must determine whether "the

3

conduct which the defendant admits constitutes the offense . . . to which the defendant has pleaded guilty." *Id.* (citation omitted). "The purpose of this requirement is to protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." *Id.*

The elements of the offense of armed bank robbery are set forth in 18 U.S.C. § 2113(a), which provides, in relevant part, that:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). In this case, the only dispute between the parties is whether there were sufficient facts to show that McCree used intimidation to secure the bank funds.

We have defined intimidation as "an act that is reasonably calculated to put another in fear." *United States v. Graham*, 931 F.2d 1442, 1443 (11th Cir. 1991) (citing, with approval, *United States v. Higdon*, 832 F.2d 312 (5th Cir. 1987)). "Proof of actual fear is not required in order to establish intimidation. Rather, it may be inferred from conduct, words, or circumstances reasonably calculated to

4

produce fear." *United States v. Jacquillon*, 469 F.2d 380, 385 (5th Cir. 1972).[1]

Moreover, as we have explained, "Whether a particular act constitutes intimidation is viewed objectively, and a defendant can be convicted under section 2113(a) even if he did not intend for an act to be intimidating." *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir.), *cert. denied*, 126 S. Ct. 317 (2005). Thus, we inquire whether "an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." *United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996) (citation omitted). By contrast, "the subjective courageousness or timidity of the victim is irrelevant[.]" *Higdon*, 832 F.2d at 315.

We have found intimidation where a defendant presented a teller with a note that stated, "I have a gun. Give me all big bills or I will shoot you," and the teller testified that she was afraid. *Jacquillon*, 469 F.2d at 385-86. The court also found that intimidation was present where a defendant handed a teller a note and "glared" at her, and the teller testified that she was afraid. *Graham*, 931 F.2d at 1443. Additionally, we have found intimidation where a defendant did not present a demand note or display a gun to a teller, but did "aggressive[ly] leap onto the [teller] counter," within close proximity to a frightened teller, immediately before

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

snatching money out of an open teller drawer. *Kelley*, 412 F.3d at 1243, 1245.

We conclude that the district court here did not abuse its discretion in determining that a factual basis existed for McCree's plea of guilt to the offense of armed bank robbery. With respect to intimidation, the only element of the offense at issue on appeal, McCree admitted during the second plea hearing that he handed a demand note to the teller stating, "This is a stick-up. Give me your 20s and 50s. Don't be a hero," and he intended the note to cause the teller to give him the bank's money.[2] It would be objectively reasonable for a person standing in the bank teller's shoes to feel intimidated by the warning not to be a "hero," and to believe that the warning carries an implicit threat that if he did not produce the money, harm to himself or herself, other bank employees, or to bank patrons, would result. *Cf. Jacquillon*, 469 F.2d at 385-86.

Because the test for intimidation is an objective one, *see Kelley*, 412 F.3d at 1244, the subjective courageousness of the teller, or McCree's intent, is irrelevant. *See Higdon*, 832 F.2d at 315. McCree's actions here satisfied the intimidation prong of 18 U.S.C. § 2113(a), because a reasonable person standing in the teller's shoes could have been intimidated by the note into handing over the money. Thus,

---

[2] We conclude that McCree's reliance on *United States v. Wagstaff*, 865 F.2d 626 (4th Cir. 1989), is misplaced. First, *Wagstaff*, a Fourth Circuit decision, is not binding on this Court. Second, unlike McCree, the defendant in *Wagstaff* did not present a demand note to the teller. *See id.* at 629.

we hold that there was a factual basis for the district court's determination that McCree used intimidation to obtain the money from the bank, and the district court did not abuse its discretion in accepting McCree's guilty plea.[3]

**II.**

We review a district court's denial of a request to withdraw a guilty plea for abuse of discretion. *United States v. Najjar*, 283 F.3d 1306, 1307 (11th Cir. 2002). "We will reverse . . . only if [that decision] is arbitrary or unreasonable." *Id.*

According to Fed.R.Crim.P. 32(d), "[i]f a motion for withdrawal of a plea of guilty . . . is made before sentence is imposed, . . . the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." This Rule must be liberally construed. *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). Nevertheless, there is no absolute right to withdrawal of a guilty plea prior to the imposition of a sentence. *Id.*

A defendant relying on Fed.R.Crim.P. 32(d) has the burden of establishing a "fair and just reason" for withdrawal of his plea. *Id.* The district court, in analyzing whether the defendant has met this burden, "may consider the totality of the circumstances surrounding the plea." *Buckles*, 843 F.2d at 471-72. Factors

---

[3] Although McCree argues on appeal that the record shows that the district court erred in relying, in part, on statements in the PSI to find intimidation, the district court did this only when rejecting McCree's motion for reconsideration. Therefore, we reject this argument.

7

that may be considered include whether: (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *Id.* at 472 (internal citation omitted). "The timing of the appellant's motion to withdraw also deserves . . . consideration." *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

"Clearly, in certain circumstances, the presumption of a knowing and voluntary plea created by proceedings pursuant to Fed.R.Crim.P. 11, 'although imposing, is not insurmountable.'" *Gonzalez-Mercado*, 808 F.2d at 800, n.8 (citation omitted). "While Rule 11 is not insurmountable, there is a strong presumption that the statements made during the colloquy are true." *Id.*

We conclude that the district court here did not abuse its discretion in denying McCree's motion to withdraw his guilty plea. With respect to close assistance of counsel, McCree admitted during the second plea hearing that he had discussed the decision to plead guilty with his attorney, and that he was satisfied with his attorney's representation of him. Moreover, McCree acknowledged that he discussed the charge, and each of its elements, with his attorney. Thus, it is undisputed that McCree and his attorney discussed the intimidation element before he pled guilty to armed bank robbery during the second plea hearing.

Furthermore, even after McCree raised an issue at the first sentencing hearing as to his guilt of armed bank robbery, he specifically informed the district court that he was not asking for new counsel to be appointed, and he was "satisfied" with what his attorney was able to do, "knowing what she has to do outside of this case." In addition, and perhaps most noteworthy, McCree, in fact, was guilty of armed bank robbery. Therefore, McCree is unable to point to any poor or incompetent advice from his attorney that adversely affected his decision to plead guilty.

With respect to whether the plea was knowing and voluntary, McCree verified during the second plea hearing that he had not consumed any alcohol or taken any medication or illegal substance in the past twenty-four hours, that he was pleading guilty voluntarily, and that he had not been promised anything in exchange for pleading guilty. Moreover, McCree admitted that he had discussed the charge of armed bank robbery with his attorney, and the government again reiterated the elements of this offense at the second plea hearing. Also, the district court applied each of the elements of the offense to McCree's case, and McCree indicated that he understood the government's burden of proof, if the case proceeded to trial. Throughout all of this, McCree never once contended that he did not intimidate the teller into handing him the money. To the contrary, McCree

9

specifically admitted that he understood the consequences of pleading guilty to armed bank robbery, and that he was guilty of that offense.

With respect to judicial resources, the district court previously granted a motion to continue the trial setting and conducted two plea hearings and two sentencing hearings in this matter. Additionally, because McCree waited until the end of the first sentencing hearing to profess his innocence, a probation officer already prepared a PSI, the parties already reviewed this document and filed written objections to it, and the district court already entertained and ruled upon the parties' objections as part of its calculation of McCree's sentencing range. Given all of this, we conclude that the district court did not err in finding that judicial resources would not be conserved by allowing McCree to withdraw his guilty plea.

With respect to prejudice, the district court found that, while there was no strong argument that the government would be prejudiced if McCree was permitted to withdraw his plea, "a delay in any case[] . . . degrades the quality of witness recollection and in that regard prejudices the presentation of the prosecution's case." This finding is not unreasonable, considering that every delay in the proceedings was attributable exclusively to McCree.

In sum, we conclude that the district court did not abuse its discretion in denying McCree's motion to withdraw his guilty plea. Accordingly, we affirm

McCree's conviction.

**AFFIRMED.**