**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4051**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

KENNY REGAN MAJOR,

           Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (7:06-cr-00813)

Argued:  September 26, 2008      Decided:  October 27, 2008

Before MICHAEL and MOTZ, Circuit Judges, and James C. DEVER, III, United States District Judge for the Eastern District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Kirsten Elena Small, NEXSEN PRUET, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.  **ON BRIEF:**  Benjamin T. Stepp, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenny Regan Major pleaded guilty to taking money or property from a financial institution "by force and violence, or by intimidation" in violation of 18 U.S.C. § 2113(a) (2000). On appeal, Major contends that no factual basis supports his guilty plea because the record before the district court contains no information to demonstrate that he used force and violence or intimidation to rob the bank. Major did not raise this objection in the district court and, therefore, in order to succeed on appeal, he must demonstrate that the district court plainly erred when it found a factual basis for his plea. Major has failed to do this. Accordingly, we affirm his conviction.

I.

On July 19, 2006, a criminal complaint was filed against Major alleging that he had committed bank robbery in violation of 18 U.S.C. § 2113(a) (2000). The affidavit submitted in support of the complaint detailed the following alleged criminal conduct of Major:

> Investigation revealed a black male described as late 20's to early 30's, 5'6" – 5'8", medium build, clean cut, wearing a baseball cap, shorts and a green t-shirt, entered the bank and approached the teller counter. The robber asked for some quarter wraps under the pretext of bank business from the teller at station #1. When the teller moved to the drive-thru window to retrieve the wraps, the robber moved around the counter to the secured access door entering the

2

teller area. The robber climbed the access door and moved to teller station #1. He placed his hands inside his shirt to avoid direct handling of materials, grabbed what he believed to be the money drawer and forced it open. The drawer was a supply drawer which contained no money. The robber then moved to teller station #2 and again forced open a drawer with his hands covered. From station #2, the robber obtained approximately $1610 in currency including bait bills and a dye pack. The robber stuffed the monies under his shirt and left the teller area by climbing back over the secured door. He exited the front door of the bank towards the main parking lot. The robber was last seen traveling on foot.

In October, 2006, Major appeared before the district court and pleaded guilty to a one-count indictment charging him with bank robbery. At the change of plea hearing Major agreed with the following summary of the crime as presented by the Assistant United States Attorney:

On July 18th of this year, Mr. Major entered the Palmetto Bank on Asheville Highway in Inman. He approached the teller counter and distracted one of the tellers and then jumped over the secured access door to get behind the teller line. While there he obtained money including a dye pack. He stuffed the money under his shirt, jumped back over the access door and ran out of the bank.

Also at the plea hearing, Major stated that he understood that he was charged with having "by force, violence and intimidation [taken] from the person and presence of employees of Palmetto Bank . . . money belonging to the bank insured by the FDIC." He further stated that he understood that the elements of the crime with which he was charged were that he

3

"took money from the bank employees in possession of the bank; the taking was either by force, violence or intimidation; and the deposits were insured by the Federal Deposit Insurance Corporation." Having stated that he understood the crime with which he was charged and the elements of that crime, Major stated that he still wished to plead guilty. Later in the hearing he stated at least twice more that he was guilty.

On December 11, 2006, the district court sentenced Major to 180 months of imprisonment and three years supervised release. At the sentencing hearing, the district court accepted the findings and guidelines calculations contained in Major's presentence report. Paragraph five of the report states the following with respect to the offense conduct:

> Records reveal that on July 18, 2006, the defendant entered the Palmetto Bank, FDIC, located at 11500 Asheville Highway in Inman, South Carolina. He asked for some quarter wraps under the pretext of bank business. When the teller moved away from the area to obtain the wraps, defendant Major moved around the counter, climbed over an access door, and forced open two teller drawers. He obtained $1,610 in U.S. currency, bait money, and a dye pack, from the second drawer. He stuffed the money in his shirt and left the bank.

Three days later judgment was entered in the case, and, on December 27, 2006, Major filed a notice of appeal of that judgment. He argues on appeal that no factual basis supports his guilty plea.

4

II.

Because Major did not object to or seek to withdraw his guilty plea in the district court, we review the acceptance of the plea for plain error. See United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007). Under plain error review, appellate courts may notice an error that was not preserved by timely objection only if the defendant can demonstrate (1) that an error occurred, (2) that it was plain, and (3) that the error affected the defendant's substantial rights; if these three criteria are met, an appellate court retains discretion to correct a forfeited error if (4) the "error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Bradley, 455 F.3d 453, 461 (4th Cir. 2006) (quoting United States v. Olano, 507 U.S. 725, 731-32 (1993)). Major contends that the district court plainly erred by accepting a guilty plea without a sufficient factual basis.

Before a court may enter judgment on a guilty plea, it must find a factual basis to support the plea. Fed. R. Crim. P. 11(b)(3). The factual basis may be supported by anything in the record. See Fed. R. Crim. P. 11(b)(3); United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). A district court has wide discretion in determining whether a factual basis exists. Mastrapa, 509 F.3d at 656; United States v. Morrow, 914 F.2d 608, 611 (4th Cir. 1990). In order to find a factual

5

basis, the court need not establish that a jury would find the defendant guilty or even that the defendant is guilty by a preponderance of the evidence. The court must determine only "that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." United States v. Carr, 271 F.3d 172, 178-79 n.6 (4th Cir. 2001)(quoting United States v. Maher, 108 F.3d 1513, 1524 (2nd Cir. 1997))(interpreting an earlier version of Rule 11).

In this case involving bank robbery, the factual basis for the plea requires information that Major "by force and violence, or by intimidation [took or attempted to take] from the person or presence of another . . . money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." See 18 U.S.C. § 2113(a) (2000). Neither party contends that Major used force and violence. Instead, the parties dispute whether the district court plainly erred in finding a factual basis sufficient to conclude that Major used intimidation to rob the bank. Intimidation occurs in situations in which a defendant's conduct is "reasonably calculated to produce fear" and where "an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." United States v. Wagstaff, 865 F.2d 626, 627

6

(4th Cir. 1989)(citations, emphasis, and internal quotations omitted).

Assuming, without deciding, that the district court erred in accepting Major's plea, that error was not plain.  An error is plain only when it is "'obvious' and 'clear under current law.'"  United States v. Benton, 523 F.3d 424, 433 (4th Cir. 2008)(quoting United States v. Olano, 507 U.S. 725, 734 (1993)).  Although the law at issue here is "obvious and clear" that there must be a sufficient factual basis for a guilty plea, Fed. R. Crim. P. 11(b)(3), the law is not obvious and clear that the record in this case did not establish a factual basis for the crime of bank robbery.

Indeed the closeness of this question is illustrated by two earlier cases of this court.  In Wagstaff, the evidence presented at trial revealed that the defendant entered a savings and loan, approached the tellers' counter, put on a ski mask and sunglasses, walked through an open gate into the teller area, took forty-five dollars from a teller's open cash drawer, and was then forced to flee when a customer attacked him.  865 F.2d at 627.  The defendant was at all times at least eight feet from the nearest teller, was not wearing or carrying a weapon, did not present any written note, said nothing, and made no overtly threatening gestures.  Id.  Based on that account of the robbery, we held, as a matter of law, that the evidence was

insufficient to demonstrate a taking by intimidation in violation of 18 U.S.C. § 2113(a). Id. at 629.

On the other hand, even more recently in United States v. Woodrup, 86 F.3d 359 (4th Cir. 1996), we reached the contrary conclusion on quite similar facts. There evidence produced at trial showed that the defendant entered the bank, looked directly at a teller, walked very quickly across the lobby to the teller position, reached across the counter as if trying to grab the teller, and vaulted over the counter headfirst, causing the teller to back away screaming. Id. at 363. The defendant did not present a note, show a weapon or make an oral demand for money. Id. We nevertheless held that sufficient evidence supported the jury finding that the teller reasonably could have inferred a threat of bodily harm. Id. at 364.

Neither Wagstaff nor Woodrup make "obvious and clear" whether the evidence in the case at hand provided a sufficient factual basis for conviction. Unlike the defendant in Woodrup, Major did not vault over the counter at any particular teller, and, in fact, he purposely distracted the teller to get her out of his way. Major did, however, vault over the security door and force open a drawer rather than walk through an open door and take money from an already open drawer as in Wagstaff.

Major's case also differs from Wagstaff and Woodrup in that in his case there was not a trial during which witnesses could

explain in detail the defendant's behavior. In Major's case, the record contained some information that suggested Major violated 18 U.S.C. § 2113(a) (2000), <u>and</u> Major <u>admitted</u> to the district court that he had engaged in the relevant criminal conduct. At the plea hearing, Major stated that he understood that he was charged with robbing a bank "by force, violence and intimidation" and that the elements of the crime with which he was charged included taking money from a bank "either by force, violence or intimidation." Then, when asked by the district court whether he was guilty of the charged crime, he stated that he was, and then twice reiterated that he was guilty.

Of course, a defendant's admission of guilt cannot substitute for the district court's finding of a factual basis. <u>See, e.g.,</u> <u>United States v. Carr</u>, 271 F.3d 172, 179-80 (4th Cir. 2001). In this case, however, where Major knew whether he used force, violence, or intimidation to rob the bank, his admission of that element provided further support for the district court's finding that there was a sufficient factual basis for Major's guilty plea. <u>Cf.</u> <u>United States v. Mastrapa</u>, 509 F.3d 652, 660-61 (4th Cir. 2007) (holding that the district court plainly erred in finding a sufficient factual basis where the defendant repeatedly protested the mens rea element of the crime and the government failed to "fill the gap" with facts); <u>Carr</u>, 271 F.3d at 179-80 (holding that the district court plainly

erred when it found a sufficient factual basis for a federal arson charge despite the defendant's admission that he set fire to a building that moved in interstate commerce because the plea proceeding did not adequately demonstrate that the building was employed in interstate commerce).

Because it was not clear and obvious that the record evidence did not provide a factual basis for Major's guilty plea, the district court did not plainly err when it accepted Major's plea.


III.

Counsel for Major included in his initial brief, filed pursuant to Anders v. California, 386 U.S. 738 (1967), an additional issue as to whether the district court erred when it sentenced Major to 180 months in prison. However, counsel did not argue that issue. Indeed, he ultimately concluded that the argument had no merit. We agree.

We have reviewed the record and find that Major's sentence is both procedurally sound and substantively reasonable. The district court properly calculated the Guidelines range, considered that range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2000), and determined an appropriate sentence within the Guidelines range. Applying the presumption of reasonableness afforded sentences within the Guidelines range

10

and finding that Major failed to rebut that presumption on appeal, we conclude that his 180-month sentence is reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007); United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

## IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.