NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0141n.06

No. 09-3736

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Feb 06, 2012

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)  ON APPEAL FROM THE
Plaintiff - Appellee, )  UNITED STATES DISTRICT
)  COURT FOR THE NORTHERN
v. )  DISTRICT OF OHIO
)
DAVID WARD, )
)  **OPINION**
Defendant - Appellant. )
_____ )

Before: **CLAY, GIBBONS, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant David Ward appeals his

conviction of one count of unarmed bank robbery. 18 U.S.C. § 2113(a). The sole issue is whether

the government presented sufficient evidence to sustain Ward's conviction. We **AFFIRM**.

**I.**

On July 19, 2007, a man wearing a dark shirt, dark jeans, and a shoulder bag walked into the

Dollar Bank in downtown Euclid, Ohio, and robbed one of the bank's tellers of $4007.[1] As

Defendant-Appellant Ward was paying his fare for a commuter train, two Regional Transit Authority

(RTA) police officers, acting on a tip, approached him and instructed him to stop. In response, Ward

---

[1]There is no dispute that Dollar Bank is insured by the Federal Deposit Insurance
Corporation, which is a requirement under the statute. *See* 18 U.S.C. §§ 2113(a), (f) (2006); *see also*
*United States v. Mentz,* 840 F.2d 315, 318 (6th Cir. 1988).

dropped the bag he was carrying and put his hands behind his back. The RTA police officers discovered packets of money in the bag, which totaled $4,004.50, and arrested Ward.

Ward does not dispute these facts. The crux of Ward's appeal turns instead on the nature of his interaction with the bank teller, Bennett Swanson. Swanson testified that at the time of the robbery, he was the only person working behind the counter. Ward approached him at the counter and stated simply, "This is a robbery, give me all your money." Ward did not raise his voice or pass a note, was not wearing a mask or disguise, made no overtly threatening gesture, was not carrying a weapon, and did not state that he was carrying a weapon.

At trial, Swanson admitted that he initially hesitated to follow Ward's order. The reason for his hesitation is not entirely clear. He had been instructed on Dollar Bank's policy in the event of a robbery – the teller is to follow the robber's demands without regard to whether the teller thinks the robber is serious. At various points in his testimony Swanson explained that "[t]here wasn't a note passed" and "there was no weapon drawn," seeming to concede that, at least at first, he was not certain if Ward was a serious threat.

Swanson also testified that when he hesitated Ward gave him a "stern look" and tapped on the shoulder bag Ward was carrying. Swanson testified that these actions caused him to fear that Ward had a weapon in the bag and that Ward "was going to shoot [him]." Swanson further explained that the look on Ward's face made him "a little nervous and intimidated. . . . It was enough right there to do what he asked, and him patting the bag, I was afraid. So I did as he asked." Swanson then turned over the cash in the drawer. Ward calmly put the money in his bag and exited the bank.

2

After a two-day trial, the jury found Ward guilty of a single count of unarmed bank robbery. 18 U.S.C. § 2113(a). Ward moved for judgment of acquittal, both at the close of the prosecution's case-in-chief and when the defense rested. Fed. R. Crim. P. 29. The district court denied both motions, sentenced Ward to 210 months' incarceration and three years of supervised release, and imposed a fine. Ward timely appealed.

## II.

We review a sufficiency of the evidence challenge *de novo*. *See United States v. Lawson*, 535 F.3d 434, 443 (6th Cir. 2008). We view the evidence in the light most favorable to the government, upholding the jury's verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Davis*, 577 F.3d 660, 671 (6th Cir. 2009) (citation and quotation marks omitted).

Ward was convicted of unarmed bank robbery. In relevant part, 18 U.S.C. § 2113(a) provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

Ward's sole argument is that his actions in the bank do not constitute intimidation.

We have defined intimidation for purposes of § 2113(a) as an "act by a defendant reasonably calculated to put another in fear, or conduct and words . . . calculated to create the impression that any resistance or defiance by the [individual] would be met by force." *United States v. Waldon*, 206 F.3d 597, 606 (6th Cir. 2000) (citation and quotation marks omitted); *United States v. Perry*, 991

3

F.2d 304, 310 (6th Cir. 1993). Whether intimidation exists in a particular case is determined by an objective test: "whether an ordinary person in the teller's position could reasonably infer a threat of bodily harm from the defendant's acts." *United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir. 2002).

Ward advances two primary arguments that he did not engage in intimidation. First, he argues that despite the bank's policy that tellers immediately follow a robber's instructions, and Swanson's knowledge of the policy, Swanson initially hesitated to comply with Ward's demand. In Ward's view, this demonstrates that his conduct was not intimidating. We disagree. Ward ignores Swanson's testimony that he was "a little nervous," "intimidated," "afraid," and "scared" during the encounter with Ward and that as a result, he complied with Ward's instructions.

Ward's second line of attack is that because he did not use force, was not carrying a weapon, and did not state he had a weapon or intended to harm Swanson, his actions were not calculated to place Swanson in fear of bodily harm. Again, we disagree. Ward glosses over the fact that, as least as Swanson perceived it, Ward implied he was carrying a weapon. Swanson testified that, after Ward tapped the shoulder bag, he thought Ward "had a weapon in the bag and was going to shoot [him]." The jury was well within reason to credit Swanson's testimony. In *Gilmore*, we explained that "a demand for money in itself is sufficient to support a jury's finding of intimidation" and further that "the display of a weapon, a threat to use a weapon, or even a verbal or nonverbal hint of a weapon is *not* a necessary ingredient of intimidation under § 2113(a)." 282 F.3d at 402-03 (emphasis added). Ward did not cite to, and our research did not uncover, a single case in which an implicit threat of a weapon was insufficient to support a jury's finding of intimidation. *See, e.g.*,

4

*Perry*, 991 F.2d at 306, 310 (upholding jury verdict when defendant stuck his hand inside jacket "like he was going to get something out").

Ward relies heavily on *United States v. Wagstaff*, 865 F.2d 626 (4th Cir. 1989), in which the Fourth Circuit held that a defendant's conduct did not constitute intimidation. 865 F.2d at 629. Ward contends that his conduct is akin to the defendant's in *Wagstaff* because Ward did not explicitly threaten the teller, brandish a weapon, or make any kind of overtly threatening gesture. The similarities, however, end there. The defendant in *Wagstaff* never said *anything* to *anyone*; he never had any interaction with a bank teller at all. Instead, he simply walked behind an open counter, began to take money from an open cash register, and made no gesture that he might possess a weapon. *Id.* at 627. *Wagstaff* is clearly distinguishable.[2]

The government presented sufficient evidence that Ward engaged in intimidation while he robbed Dollar Bank.

### III.

For the foregoing reasons, we **AFFIRM** Ward's conviction.

---

[2]In fact, consistent with Sixth Circuit case law, the Fourth Circuit explained in *Wagstaff* that, "evidence that the defendant either explicitly threatened harm, or *implicitly possessed a weapon*" had uniformly been sufficient in the Fourth Circuit to support a jury's finding of intimidation. 865 F.2d at 628 (internal footnote omitted and emphasis added).